UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

ALONZO J. TAYLOR,

        Plaintiff,

   v.

AMCOR FLEXIBLES,

        Defendant.

---

Civil No. 07-3477 (NLH/KMW)

**OPINION**

**APPEARANCES:**

Anthony J. DiMarino, III, Esquire
A.J. DiMarino, III, PC
57 Euclid Street
Suite A
Woodbury, New Jersey 08096

H. Francis deLone, Jr., Esquire
P.O. Box 1451
Pottstown, Pennsylvania 19464
    *Attorneys for Plaintiff Alonzo J. Taylor*

Christopher H. Lowe, Esquire
Anjanette Cabrera, Esquire
Seyfarth Shaw LLP
620 Eighth Avenue
32nd Floor
New York, New York 10018
    *Attorneys for Defendant Amcor Flexibles*

**HILLMAN, District Judge**

    This matter comes before the Court upon the oral application of Defendant Amcor Flexibles made at a pretrial charge conference held on February 1, 2012.  Defendant seeks to renew its prior motion for summary judgment with respect to the remaining portion

of Count II of Plaintiff's complaint asserting a retaliation claim based on an alleged telephone call which occurred on June 5, 2006.  For the reasons set forth below and for the reasons set forth on the record on January 31, 2012 and February 1, 2012, the Court grants Defendant's oral application.

A.  __BACKGROUND & PRETRIAL HEARINGS__

The detailed factual background and procedural history of this case and Plaintiff's original claims are set forth at length in the Court's prior Opinions and Orders of November 4, 2009, June 25, 2010, and June 29, 2011, and only the facts relevant to the pretrial proceedings and the current motion will be repeated here.  At this juncture of the case, the sole remaining claim set for trial was one for retaliation based on an alleged June 5, 2006 telephone call placed to Plaintiff's home.  With respect to this claim, Plaintiff alleged that subsequent to filing a charge of racial discrimination with the EEOC and the New Jersey Division of Civil Rights he received a telephone call at home at 5:13 a.m.  In that call, Plaintiff alleges, the unidentified caller said "[n]iggers aren't qualified to work in this business. Why you niggers complaining[?]  Niggers shouldn't be in this business[.]"  (<u>See</u> Op. [Doc. No. 92] 2, June 29, 2011.) Plaintiff's wife, Gail Taylor, testified at her deposition that she answered the phone, heard the contents of the call, and relayed the same to her husband.  (<u>Id.</u>)

2

Jury selection in this matter was scheduled to begin on February 1, 2012 and the trial was set to commence on February 2, 2012.  At the pretrial charge conference held before the Court on January 31, 2012, Plaintiff submitted to the Court and Defendant his final witness list which asserted that the "only witness [would] be the plaintiff himself."  (Pl.'s Witness List [Doc. No. 132] 1.)  Upon receipt of Plaintiff's witness list at the January 31, 2012 charge conference, Defendant raised the issue that Plaintiff had not listed his wife, Gail Taylor, as a witness for trial.  Defendant noted that Ms. Taylor's testimony regarding the alleged phone call was necessary to prove Plaintiff's remaining retaliation claim because Plaintiff's testimony regarding the content of the call based on what his wife told him raised admissibility issues.  Specifically, Defendant referenced the Court's prior Order dated June 25, 2010 in which the Court determined that "the unavailability of Plaintiff's wife to testify adds a layer of hearsay to any testimony regarding the contents of the allegedly retaliatory phone call she received[.]"  (Order [Doc. No. 67] 2, June 25, 2010.)  In the June 25, 2010 Order, the Court found that this issue "could potentially change the Court's holding on Plaintiff's retaliation claim and that further argument [was] necessary to determine the scope of Plaintiff's potential testimony regarding the phone call ... and whether such testimony would fall under any hearsay

3

exceptions or is otherwise admissible before the Court [could]
make a final determination on this issue[.]" (Id. at 3.)

Previously, when the issue of Ms. Taylor's potential
unavailability as a witness first arose, the Court conducted a
hearing on July 21, 2010 and ultimately ruled that Defendant
could take Ms. Taylor's deposition. (Op. [Doc. No. 92] 4, June
29, 2011.) At the July 21, 2010 hearing, the Court granted
Defendant leave, upon completion of Ms. Taylor's deposition, to
make any appropriate motion relating to the admissibility of her
testimony at trial with respect to procedural and evidentiary
issues, including a renewed dispositive motion on the remaining
retaliation claim. (Id. at 5.) Following Ms. Taylor's
deposition, Defendant filed a motion [Doc. No. 76] to strike her
testimony, for sanctions, and for summary judgment on the
remaining retaliation claim. The Court denied that motion by
Opinion and Order dated June 29, 2011. (Op. [Doc. No. 92] 1,
June 29, 2011; Order [Doc. No. 93] 1, June 29, 2011.)

In denying Defendant's request to strike Ms. Taylor's
deposition testimony, the Court noted that here "deposition
testimony [was] important to what remain[ed] of Plaintiff's case"
and went on to conclude that "[w]ithout [such] testimony, summary
judgment must be entered in favor of Defendant because Plaintiff
could not establish ... the content of the [alleged retaliatory]
phone call." (Op. [Doc. No. 92] 10, June 29, 2011.) The Court

4

further acknowledged that it was "very mindful that the sanction
of striking [] Taylor's testimony essentially equates to a
sanction of dismissal of Plaintiff's claim." (Id. at 10-11.)  In
denying Defendant's motion for summary judgment on the
retaliation claim, the Court noted that Defendant's arguments did
not relate to the admissibility or inadmissibility of Ms.
Taylor's testimony as previously limited by the Court.  (Id. at
17 n.12.)

Recognizing the validity of the issues Defendant raised at
the January 31, 2012 charge conference based on the Court's prior
rulings, the Court inquired of Plaintiff's counsel whether or not
Ms. Taylor would be called as a witness at trial.  At that time,
Plaintiff's counsel asserted that he was unaware that her
testimony would be necessary and informed the Court that he
intended to have Plaintiff testify at trial regarding what his
wife told Plaintiff about the content of the alleged telephone
call.  The Court reiterated to Plaintiff's counsel the findings
in its prior Opinion that "[w]ithout [his wife's] testimony,
summary judgment must be entered in favor of Defendant because
Plaintiff could not establish ... the content of the [alleged
retaliatory] phone call."  (Op. [Doc. No. 92] 10, June 29, 2011.)
In light of the fact that such testimony by Plaintiff, as opposed
to his wife, would raise hearsay issues potentially rendering
such testimony inadmissible and thereby preventing Plaintiff from

demonstrating the essence of his retaliation claim, the Court recessed briefly to allow Plaintiff's counsel an opportunity to contact Plaintiff and Ms. Taylor to determine if she would testify at the trial in this matter.  When the Court reconvened, Plaintiff's counsel informed the Court that he was unable to make a determination as to Ms. Taylor's availability at that time.

Having learned that Plaintiff's counsel was unable to determine during the short recess whether Ms. Taylor could or would testify at trial, the Court, in order to minimize any inconvenience to potential jurors and to provide Plaintiff with an additional opportunity to secure Ms. Taylor's testimony at trial, adjourned for the day, adjourned jury selection an additional day to February 2, 2012, and directed that the charge conference would reconvene on February 1, 2012 at 3:00 p.m., at which time Plaintiff's counsel would need to inform the Court whether Ms. Taylor would testify at trial.  The Court concluded that if Plaintiff's counsel notified the Court and Defendant on February 1, 2012 that Ms. Taylor would not testify, then the Court would entertain a renewed motion for summary judgment by the Defendant.

When the Court reconvened on February 1, 2012 at 3:00 p.m., Plaintiff's counsel represented to the Court that Ms. Taylor was not going to be available for testimony at trial.  Plaintiff then noted his intention to seek to admit Ms. Taylor's deposition

6

testimony since she would not be available to be at trial.  Upon
further inquiry by the Court regarding the reasons for Ms.
Taylor's inability to testify at trial, Plaintiff's counsel
represented that she was not available due to the fact that
Plaintiff and Ms. Taylor are in the process of getting divorced.
At that time, Defendant's counsel questioned whether Ms. Taylor
was "unavailable" as that term is used in the Federal Rules of
Evidence and Civil Procedure, or whether she was simply unwilling
to testify, and inquired whether Plaintiff's counsel planned to
subpoena her for trial.  Defendant's counsel further represented
that if Ms. Taylor was unwilling to testify and if Plaintiff did
not intend to subpoena her, that Defendant was renewing its
motion for summary judgment on the retaliation claim.  Following
the renewed motion, Plaintiff's counsel again represented to the
Court that Ms. Taylor was not available as a witness, that he
felt he did not have sufficient time to subpoena her, and that he
would not otherwise try to compel her appearance at trial.

   B.   <u>**STANDARD FOR SUMMARY JUDGMENT**</u>

      Based on the developments just prior to trial concerning Ms.
Taylor's purported unavailability to testify, Defendant made an
oral application to renew its motion for summary judgment on the
remaining claim for retaliation.  Summary judgment is appropriate
where the Court is satisfied that "'the pleadings, depositions,
answers to interrogatories, and admissions on file, together with

7

the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56).

An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. <u>Id.</u> "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the nonmoving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" <u>Marino v. Indus. Crating Co.</u>, 358 F.3d 241, 247 (3d Cir. 2004) (citing <u>Anderson</u>, 477 U.S. at 255).

Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. <u>Celotex</u>, 477 U.S. at 323 ("[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of

material fact." (citation omitted); see also Singletary v. Pa.
Dept. of Corr., 266 F.3d 186, 192 n.2 (3d Cir. 2001) ("Although
the initial burden is on the summary judgment movant to show the
absence of a genuine issue of material fact, 'the burden on the
moving party may be discharged by "showing" -- that is, pointing
out to the district court -- that there is an absence of evidence
to support the nonmoving party's case' when the nonmoving party
bears the ultimate burden of proof.") (citing Celotex, 477 U.S.
at 325).  Once the moving party has met this burden, the
nonmoving party must identify, by affidavits or otherwise,
specific facts showing that there is a genuine issue for trial.
Celotex, 477 U.S. at 324.  Thus, to withstand a properly
supported motion for summary judgment, the nonmoving party must
identify specific facts and affirmative evidence that contradict
those offered by the moving party.  Anderson, 477 U.S. at 256-57.
A party opposing summary judgment must do more than just rest
upon mere allegations, general denials, or vague statements.
Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001).

## 1.   Retaliation

As this Court previously noted, Count II of Plaintiff's
complaint asserts that Defendant retaliated against Plaintiff
after he filed a complaint with the EEOC and the New Jersey
Division of Civil Rights in violation of both Title VII and the
NJLAD, by virtue of the alleged June 5, 2006 telephone call.

Claims of retaliation under both Title VII and the NJLAD are analyzed under the well established burden shifting framework of McDonnell Douglas.[1]  See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 803-05 (1973).  Under that framework, a plaintiff must first establish a *prima facie* case by showing that: (1) he engaged in protected employee activity; (2) the employer took adverse action against him after, or contemporaneous with, his activity; and (3) a causal link exists between his activity and the employer's action against him.  Muzslay v. City of Ocean City, 238 F. App'x 785, 789 (3d Cir. 2007) (citing Abramson v. William Paterson College, 260 F.3d 265, 286 (3d Cir. 2001)).  Should the plaintiff establish a *prime facie* case, a presumption of discrimination is created and the burden of production shifts

---

1.  Under this analysis, a plaintiff must first establish a prima facie case of racial discrimination by showing that: (1) he belongs to a protected class; (2) he was performing his job at a level that met his employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) the employer sought someone who is not a member of the protected class to perform the same work after the plaintiff's termination, or similarly situated employees who are not members of the protected class were not subjected to the adverse action.  See McDonnell Douglas, 411 U.S. at 802; Jones v. School Dist. of Phila., 198 F.3d 410-11 (3d Cir. 1999). Once the employee establishes a prima facie case of discrimination, the burden of production shifts to the employer to submit a legitimate, nondiscriminatory reason for discharging the employee.  McDonnell Douglas, 411 U.S. at 802. Where the employer is able to articulate a legitimate reason for the unfavorable employment decision, the presumption of discrimination arising from prima facie case drops away, leaving the burden on employee to prove by a preponderance of the evidence that the employer's proffered reasons were pretextual. See id.; Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir. 1994); Clowes v. Terminex Intern, Inc., 538 A.2d 794, 805 (N.J. 1988).

to the defendant to articulate some legitimate, nondiscriminatory reason for its actions.  McDonnell Douglas, 411 U.S. at 803. Once the employer answers its relatively light burden by articulating a legitimate, nondiscriminatory reason for the unfavorable employment decision, the burden of production rebounds to the plaintiff, who must show by a preponderance of the evidence that the employer's explanation was merely a pretext for its actions, thus meeting the plaintiff's burden of persuasion.  Id.

C. **ANALYSIS**

In considering Defendant's renewed motion for summary judgment, the Court notes that Plaintiff and Plaintiff's counsel knew, or at the very least should have known, many months ago based on the Court's prior Opinions and Orders in this case that Ms. Taylor's testimony was necessary to establish the fact of the alleged retaliatory telephone call at the heart of Plaintiff's remaining claim.  In fact, the joint pretrial order demonstrates that Plaintiff and Plaintiff's counsel were aware of the need for Ms. Taylor's testimony.  The list of Plaintiff's witnesses as set forth in the pretrial order names "Plaintiff's wife" as a witness and asserts that her testimony will include "Defendant's retaliation against plaintiff and damages suffered[.]"  (Joint Pretrial Order [Doc. No. 104] 10, November 11, 2011.)  However, on the eve of trial, just one day before jury selection and two

11

days before trial, Plaintiff's counsel advised the Court that Ms. Taylor was unavailable as a witness to testify at trial.  Despite this general representation, Plaintiff's counsel did not offer to demonstrate that Ms. Taylor was "unavailable" within the meaning of the Federal Rules of Civil Procedure or the Federal Rules of Evidence.[2]

Moreover, in addition to knowing that Ms. Taylor's testimony at trial was necessary to prove Plaintiff's case by presenting evidence of the alleged retaliatory phone call, the Court finds that Plaintiff could have, through reasonable diligence, learned of Ms. Taylor's purported unavailability far in advance of the eve of trial.  If Plaintiff had exercised such reasonable diligence in advance of trial, he could have then filed an appropriate motion *in limine* seeking to admit Ms. Taylor's previous deposition testimony at trial or to allow Plaintiff to testify regarding Ms. Taylor's statements as relayed to him based on any applicable hearsay exceptions.  However, Plaintiff failed to do so.[3]  Plaintiff filed two motions in limine [Doc. Nos. 107,

---

[2] It would appear, in any event, that such an argument would be futile.  The reason stated for her "unavailability" was her unwillingness to assist her husband during their divorce proceedings.

[3] We do not suggest that any such motion would have been fruitful.  While there is a hypothetical chance that Ms. Taylor's out of court statements after hearing the call could qualify as an "excited utterance" or a "present sense impression," Plaintiff has not offered facts sufficient to establish these hearsay exceptions and the facts proffered by the defense cast

108] neither of which addressed in any manner: (1) Ms. Taylor's unavailability; (2) allowing Plaintiff's testimony regarding the purported telephone call through an applicable hearsay exception; or (3) any other issue related to the June 5, 2006 telephone call.

As the Court previously recognized, the parties do not dispute that Plaintiff's EEOC complaint constitutes protected activity.  Therefore, the question is whether Defendant took an adverse action against Plaintiff based on the filing of the EEOC complaint.  While Plaintiff asserts that a harassing phone call was placed to his home on June 5, 2006, approximately one month after he filed his EEOC claim, Plaintiff is unable to present any evidence at trial demonstrating that this alleged retaliatory call was made.  Specifically, the record is clear that Ms. Taylor, and not Plaintiff, received the alleged telephone call. Therefore, as the Court found at the continued charge conference on February 1, 2012, the proffered testimony by Plaintiff regarding what Ms. Taylor told Plaintiff about the contents of the alleged telephone call is insufficient to go to the jury on a claim for retaliation.  Moreover, the very act of retaliation relevant to Plaintiff's remaining claim would not be admissible

---

significant doubt as to their application in this case.  The failure here is not that a valid hearsay exception has been abandoned.  The error is the failure to bring this issue to the attention of the Court and the Defendant in a timely manner.

under Plaintiff's final witness list, which does not include Ms.
Taylor. (<u>See</u> Plaintiff's Witness List [Doc. No. 132] 1.)
Accordingly, the Court finds that Plaintiff is unable to
demonstrate a prime facie case for retaliation.[4]  At this time
and in light of the present posture of the case, there is no
longer any reason to deny summary judgment in favor of Defendant
on this retaliation claim.

Here, Plaintiff and Plaintiff's counsel have continued to
mislead the Court and Defendant regarding Ms. Taylor's
availability to testify both at a deposition and at trial.
Although the Court considered on its own motion adjourning the
trial in this matter, the Court finds at this time that granting
Defendant's renewed motion for summary judgment and dismissing
Plaintiff's remaining claim with prejudice is the only
appropriate result.  The Court undertakes the dismissal of
Plaintiff's remaining claim reluctantly and with careful
consideration of the entire procedural history of this case.  In
general cases should be determined on the merits, reasonable
accommodations made for counsel and the parties, and dismissal
based on procedural and other technical mistakes disfavored.

---

[4] Nor can Plaintiff properly authenticate a photograph which
purportedly represents the Plaintiff's caller identification
machine and displays a phone number associated with the Defendant
as the source of the call.  The photograph would have been
offered to connect the call to Defendant and is the only
evidence, outside the content of the call, of such a connection.
According to Plaintiff, Ms. Taylor took the photograph.

However, the Court finds that dismissal, as opposed to an adjournment, is warranted in light of: (1) the age of the case which was originally filed on July 27, 2007 approximately four and a half years ago; (2) the significant prejudice to Defendant of any additional delay where Defendant has diligently and throughly prepared for trial in multiple ways including but not limited to, filing three motions *in limine* and bearing the cost to fly witnesses and corporate representatives in from across the United States and from Switzerland in order to testify at trial; (3) Plaintiff's knowledge that Ms. Taylor's testimony was necessary to prove the essence of Plaintiff's retaliation claim; (4) the previous opportunities Plaintiff had to either secure Ms. Taylor's testimony for trial or seek to admit such testimony by filing an appropriate motion *in limine*, including, but not limited to the recent motion hearing held on January 18, 2012; and (5) Plaintiff's significant delay in advising both the Court and Defendant that Ms. Taylor, a necessary witness, was not available to testify and that Plaintiff would not otherwise seek to compel her attendance at trial.  Plaintiff's failure to diligently prepare for trial and to keep the Court and Defendant apprised of the unavailability of a necessary witness until the literal eve of trial is unacceptable at this late state of the litigation.  The Plaintiff has known for months that trial in this matter had been set down for a date certain and that no

15

other adjournments would be allowed.  In sum, on the eve of trial, and by its own accord, Plaintiff has no case to present.

Accordingly, for the reasons set forth above and for the reasons set forth on the record on January 31, 2012 and February 1, 2012, with the Court reserving the right to supplement this Opinion and its oral opinions with a written opinion at a later time pursuant to L. Civ. R. 52.1, the Court grants Defendant's renewed motion for summary judgment on the retaliation claim, dismisses Plaintiff's complaint with prejudice, and dismisses the pending motions *in limine* as moot.  An Order consistent with this Opinion will be entered.


Dated: February 6, 2012             /s/ Noel L. Hillman
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.

16